**P SEND**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 10–1297 PA | Date | February 23, 2010 |
|---|---|---|---|
| Title | Daniel David Dydzak v. Joann M. Remke, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

**Proceedings:**        IN CHAMBERS – ORDER TO SHOW CAUSE

Before the Court is a complaint ("Complaint") filed by pro se plaintiff Daniel David Dydzak ("Plaintiff") against the State of California, the State Bar of California, the Board of Governors of the State Bar of California, the State Bar Court, several individual judges of the State Bar Court, several individual members of the Review Department of the State Bar Court, various employees of the State Bar of California, and two State Bar attorneys (collectively "the State Bar Defendants"). Also named as defendants are United States Magistrate Judge Alicia G. Rosenberg and United States District Judges Virginia A. Phillips, R. Gary Klausner, Margaret M. Morrow, George H. Wu, and Audrey B. Collins (collectively "District Judges").

According to the Complaint, on August 5, 2008 one of the defendant State Bar Court judges, Donald Miles, issued a decision recommending that Plaintiff be disbarred and placing him on inactive status. Plaintiff filed petitions for review, as well as various motions to disqualify Judge Miles and members of the Review Department of the State Bar Court, all of which were denied. Based on these events, Plaintiff filed the action Daniel D. Dydzak v. State of California, et al., No. CV 08-7765 VAP (AGR) ("Dydzak I"), on November 25, 2008, asserting a single cause of action under 42 U.S.C. § 1983 against almost all of the State Bar Defendants. The matter was assigned to Judge Phillips and Magistrate Judge Rosenberg. On February 4, 2009 Magistrate Judge Rosenberg issued a report and recommendation recommending that Judge Phillips dismiss the complaint. Judge Phillips adopted this report and recommendation and entered judgment on February 26, 2009. Plaintiff subsequently moved to disqualify Judge Phillips and Magistrate Judge Rosenberg, and this motion was denied by Judge Klausner. Plaintiff then made a motion to disqualify Judge Klausner, which was denied by Judge Morrow. Plaintiff's motion to disqualify Judge Morrow was denied by Judge Wu. Plaintiff then appealed the denial of his motions for disqualification to the Ninth Circuit, which summarily affirmed the decisions of the district court on November 18, 2009. On January 25, 2010 the Ninth Circuit denied Plaintiff's motion to disqualify Judge Raymond C. Fisher, one of the judges who denied Plaintiff's Ninth Circuit appeal.

Plaintiff lodged a complaint on February 4, 2010 against the State Bar Defendants and the District Judges involved in Dydzak I. Plaintiff requested that he be allowed to proceed in forma

**P SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10–1297 PA | Date | February 23, 2010 |
|---|---|---|---|
| Title | Daniel David Dydzak v. Joann M. Remke, et al. | | |

pauperis.  Magistrate Judge Rosenberg recommended that this request be denied, and her recommendation was adopted by Judge Collins.  Plaintiff then paid the filing fee and filed the instant Complaint, which also includes a claim against Judge Collins.

The Complaint brings a single cause of action against all defendants under 42 U.S.C. § 1983.  The facts alleged against the State Bar Defendants are essentially the same as those alleged in Dydzak I.  Thus, it appears that Plaintiff's claims against the State Bar Defendants who were named in Dydzak I, if any, are barred under the doctrine of res judicata.  See Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002).

Furthermore, it appears that the District Judges are immune under the doctrine of judicial immunity.  See, e.g., Mireles v. Waco, 502 U.S. 9, 9–10, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991); In re Thomas, 508 F.3d 1225, 1227 (9th Cir. 2007), cert. denied, 128 S. Ct. 1654, 170 L. Ed. 2d 362 (2008).  The doctrine of judicial immunity also appears to apply to the four State Bar Defendants who were not named in Dydzak I, since they are alleged to have taken actions that are integral to the judicial process, such as transmitting judicial orders and serving a certificate of costs.  See, e.g., Mullis v. U.S. Bankruptcy Court for Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987) ("Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process.").

Accordingly, Plaintiff is ordered to show cause in writing, no later than March 10, 2010, why this case should not be dismissed in its entirety based on the doctrines of judicial immunity and res judicata.  Failure to comply with this Order may result in the imposition of sanctions, including dismissal of the Complaint.  The Court stays all proceedings in this case until the Order to Show Cause is resolved.

IT IS SO ORDERED.

_____ : _____